UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC
2008 NOV 24 P 3: 42

Rodrick Damon Drayton,   ) C/A No. 2:08-3568-MBS-RSC
                         )
           Plaintiff,    )
                         )
vs.                      )
                         ) Report and Recommendation
Post and Courier,        )
                         )
           Defendant.    )

## INTRODUCTION

The plaintiff, Rodrick Damon Drayton, proceeding *pro se*, brings this civil action concerning an alleged copyright infringement. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] The complaint should be dismissed for failure to state a factually cognizable claim and because it is frivolous.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The plaintiff has filed this action against the *Post and Courier*, a newspaper distributed in Charleston, South Carolina and the surrounding area. The plaintiff's claim reads, in its entirety, as follows:

> On Oct. 5, 2005 the Post and Courier published photographs own by me without a license or concent (sic).

*See* Docket Entry # 1. The plaintiff seeks damages for "each infrengment (sic)" in the amount o f $28,209,480,000.00.

It is well settled that federal courts are courts of limited jurisdiction. Title 28 U.S.C. § 1338 provides for federal court jurisdiction over civil actions related to federal copyright law.

Although the plaintiff appears to raise a copyright issue which is usually cognizable in this court, the plaintiff's complaint is subject to dismissal due to its vagueness. The allegations are too conclusory to state a factually cognizable copyright claim. Although the "liberal pleading requirements" of Rule 8(a) require a "short and plain" statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Here, the plaintiff's allegations fail to give any facts related to the alleged copyright creation or infringement (including, but not limited to, dates, places, or subject matter of the copyright). As a result, the vague allegations are not sufficient to put the defendant on notice of the grounds upon which the plaintiff's claim rests. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (noting that *pro se* documents are to be liberally construed and that the complaint needs to give the defendant fair notice of what the claim is and the grounds upon which it rests). Thus, the complaint fails to state a claim upon which relief may be granted.

Furthermore, because the complaint contains no facts, it

should be summarily dismissed because it is frivolous. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (finding that a plaintiff proceeding *in forma pauperis* must meet minimum standards of specificity and rationality). *See also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (finding that the district court properly dismissed a complaint as frivolous where the plaintiff failed to provide "any factual allegations tending to support his bare assertion").

### RECOMMENDATION

Accordingly, it is recommended that the district court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

/s/ Robert S. Carr
Robert S. Carr
United States Magistrate Judge

Date 11/24/08
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).