IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Rodrick Damon Drayton, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 2:08-3568-MBS-RSC |
| | ) | |
| vs. | ) | |
| | ) | |
| Post and Courier, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | | |
| Rodrick Damon Drayton, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 2:08-3779-MBS-RSC |
| | ) | |
| vs. | ) | |
| | ) | |
| Charleston Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | | |
| Rodrick Damon Drayton | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 2:08-3802-MBS-RSC |
| | ) | |
| vs. | ) | |
| | ) | |
| WCSC 5 TV News, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| | |
|---|---|
| Rodrick Damon Drayton )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>WCBD News 2, )<br>)<br>      Defendant. )<br>                            ) | C/A No.: 2:08-3803-MBS-RSC<br><br><br><br><br><br>**O R D E R** |

## I. PROCEDURAL HISTORY

Plaintiff Rodrick Damon Drayton filed four separate, proceeding *in forma pauperis*, but intrinsically related, *pro se* complaints in this court. The first of these complaints was filed against the Post and Courier (08-3568) on October 22, 2008; the next, against the Charleston Police Department (08-3779), followed on November 14, 2008; the final two, against WCSC 5 TV News (08-3802) and WCBD News 2 (08-3803), were filed on November 17, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all four cases were referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the *pro se* complaints pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows a district court to summarily dismiss a case brought *in forma pauperis* upon a finding that the action fails to state a claim on which relief may be granted, or is frivolous or malicious. A Report and Recommendation was issued by the Magistrate Judge in each of these cases,[1] and in each case it was recommended that the complaint be dismissed without prejudice and without issuance and service of process. In 08-3568, the Magistrate Judge found the complaint to be frivolous. In 08-3779, 08-

---

[1] In 08-3568, the Report and Recommendation was issued on November 24, 2008.
In 08-3779, the Report and Recommendation was issued on December 1, 2008.
In 08-3802, the Report and Recommendation was issued on November 21, 2008.
In 08-3803, the Report and Recommendation was issued on December 8, 2008.

3802, 08-3803, the Magistrate Judge recommended dismissal for lack of subject matter jurisdiction. Plaintiff filed timely objections to the Report and Recommendation in each case except for 08-3803, in which no objection was filed.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## III. FACTS

The facts of each case are set out in detail in each Report and Recommendation. However, a brief summary is provided.

In 08-3568, Plaintiff filed an action against the Post and Courier, a newspaper distributed in Charleston, South Carolina and the surrounding area. Plaintiff's claim is a single sentence in which he states that "[o]n Oct. 5, 2005 the Post and Courier published photographs own [sic] by me without a license or concent [sic]." Compl. at 3. Plaintiff requests $28,209,480,000 in damages, which Plaintiff believes is the "maximum penalty for each infrengment [sic]." Id. at 5.

In 08-3779, Plaintiff asserts two separate causes of actions. First, Plaintiff claims that on October 5, 2005, the Charleston Police Department "gave my DVD [Digital Video Disc] to local media for broadcasting." Compl. at 3. Second, Plaintiff claims a similar transfer of the DVD to the

media on November 22, 2005. Id. Plaintiff does not specify an exact amount for proposed damages, instead requesting that the Charleston Police Department be punished to the "full exstent [sic] of the law." Id. at 5.

Plaintiff's alleged DVD is also the issue in 08-3802 and 08-3803. In 08-3802, Plaintiff filed an action against WCSC 5 TV News, the Charleston affiliate of the Columbia Broadcasting System ("CBS"). In his complaint, Plaintiff claims that WCSC "made copies and brodcasted [sic] portions of my D.V.D. with out [sic] my concent [sic] or obtaining a license." Compl. at 3. Plaintiff asks that this court punish WCSC to "the full extant [sic] of the law." Id. at 5.

In 08-3803, Plaintiff filed suit against WCBD News 2, the Charleston affiliate of the National Broadcasting Company ("NBC"). Plaintiff claims that WCBD "made copies and broacasted [sic] portions of my DVD without consent or obtaining a license." Compl. at 3. Plaintiff asks that "WCBD be punished to the full extent of the law." Id. at 5.

## IV. DISCUSSION

Title 28, United States Code, Section 1915 allows an indigent litigant, proceeding *in forma pauperis*, to commence an action in federal court without paying the administrative costs and fees associated with the lawsuit. The district courts have broad authority in these cases "to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred." Nagy v. FMC Butler, 376 F.3d 252, 257 (4th Cir. 2004). To that end, United States Code provides that the court "shall dismiss the case at any time," § 1915(e)(2), if it is determined that the action brought is either "frivolous or malicious," § 1915(e)(2)(B)(i), or the action "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii). The use of the word "shall" is critical, for it strips this court of any discretionary

4

authority it might have otherwise had.  See Nagy, 376 F.3d at 255 n. * (finding that as amended, § 1915(e)(2)(B) requires, not just allows, dismissal upon a finding of frivolousness).

To dismiss an *in forma pauperis* complaint as frivolous, the court cannot simply determine that the plaintiff's allegations are "unlikely."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Instead, the court must determine that the "facts alleged rise to the level of the irrational or the wholly incredible."  Id.  However, the Court's language in Denton is not the sole definition of frivolous in the context of § 1915.  In Nagy, the Fourth Circuit recognized that the word "frivolous" "is inherently elastic and 'not susceptible to categorical definition.'"  376 F.3d at 256 (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)).  The Fourth Circuit further recognized that because of the district court's unique base of knowledge, it is "at liberty to consider any factors that experience teaches bear on the question of frivolity."  Id.

The form of the complaint, not just the content, must also be examined.  FED. R. CIV. P. 8(a)(2) requires that a pleading be a "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement need only "give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Furthermore, documents filed by a *pro se* party must be liberally construed by this court.  See Erickson v. Pardus, 127 S. Ct. 2197 (2007).  However, the Fourth Circuit has established that nothing in Erickson undermined the requirements the Court established in Twombly, specifically that "a pleading contain 'more than labels and conclusions.'"  Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965)).

**A.     08-3568**

The Magistrate Judge recommends dismissing the complaint as frivolous. Plaintiff objects, claiming that a scrivener's error resulted in a misunderstanding of his original brief. Entry 10. But, Plaintiff only corrects the grammatical errors of his original submission. At no point does Plaintiff amend the substantive aspects of his complaint. After receiving the "correction," this court agrees with the Magistrate Judge's recommendation that the Plaintiff's complaint be dismissed as frivolous.

In his original complaint, Plaintiff failed to provide any information about the pictures that were allegedly used without a license or consent. While this court has jurisdiction over violations of federal copyright law pursuant to 28 U.S.C. § 1338, Plaintiff has failed to allege a copyright violation. Furthermore, the sizable amount of damages that Plaintiff seeks to recover from speaks to the frivolity of this action. In Nagy, the Fourth Circuit found that an *in forma pauperis* lawsuit filed by a federal inmate seeking $25 in actual damages was properly dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). 376 F.3d at 252. Though Plaintiff's requested damages in the instant action resides on the opposite end of the financial spectrum than the damages sought in Nagy, the Fourth Circuit's rationale still holds. "[I]t would make little sense to mandate that trial courts invariably entertain claims without any regard to their monetary value." Id. at 257. Indeed, in Denton, the Supreme Court spoke of "clearly baseless" claims as those "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." 504 U.S. at 32 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A requested award of $28,209,480,000 is clearly baseless.

**B.     08-3779**

The Magistrate Judge construed Plaintiff's complaint as alleging a criminal copyright violation. It was then determined that the court lacked subject matter jurisdiction over an

individual's attempt to pursue criminal charges. Entry 9. Plaintiff objects to the Report and Recommendation by claiming that the taking of his DVD constituted an "illegal search and seizure." Entry 11. This claim could possibly be construed as a violation of the Fourth Amendment of the United States Constitution. Having provided no further explanation, Plaintiff's assertion falls into the category of vague labels that the Fourth Circuit rejected in Giarratano.[2]

Assuming, *arguendo*, that the court does have subject matter jurisdiction, Plaintiff's complaint would properly be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff only makes vague reference to a DVD and he fails to present the court with a valid legal claim, instead just reaching unsupported legal conclusions. The complaint presents "clearly baseless" claims that the Court in Denton recognized as the purpose for the frivolous inquiry.

**C.     08-3802**

The Magistrate Judge construed Plaintiff's complaint as alleging a criminal copyright violation. It was then determined that the court lacked subject matter jurisdiction over such an individual's attempt to pursue criminal charges. Entry 9, p. 5-6. Plaintiff objects to the Report and Recommendation, saying that his complaint does not intend to seek criminal charges. Entry 11. Assuming, *arguendo*, that the court does have subject matter jurisdiction, because Plaintiff intended to seek damages for copyright infringement, the complaint would be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), for the same reasons as set forth in the court's discussion of 08-3779. The complaint presents "clearly baseless" claims.

**D.     08-3803**

The Magistrate Judge construed Plaintiff's complaint as alleging a criminal copyright

---

[2]     Supra, p. 5.

violation. Entry 9. Plaintiff failed to file an objection to the Report and Recommendation. In the absence of such objections, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Assuming, *arguendo*, that the court does have subject matter jurisdiction, Plaintiff's complaint would properly be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), for the same reasons as set forth in the court's discussion of 08-3779. The complaint presents "clearly baseless" claims.

## V.  CONCLUSION

After reviewing the entire record, the applicable law, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, the court hereby dismisses the complaints in all four cases without prejudice and without issuance of service and process.

**IT IS SO ORDERED**.

s/Margaret B. Seymour
United States District Judge

Columbia, South Carolina
December 19, 2008

**NOTICE OF RIGHT TO APPEAL**

Plaintiff hereby is notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.